UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIENNE W., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-1218-N (BT) |
| | § | |
| NANCY A. BERRYHILL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Adrienne W. [1] brings this action for judicial review of a final decision by the Commissioner of the Social Security Administration denying her claims for a period of disability and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision should be REVERSED, and this case should be REMANDED for further administrative proceedings consistent with these Findings, Conclusions, and Recommendation.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments including depression, anxiety, post-traumatic stress disorder, and pain in her right hand,

---

[1] Pursuant to the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

wrist, shoulder, and left hip. *See* Pl.'s Br. 4-8. After Plaintiff's application was denied initially and upon reconsideration, a hearing was held on December 3, 2013, in Dallas, Texas, before an Administrative Law Judge (the "ALJ"). *See* Tr. 66. A second hearing was held on June 23, 2015. *See* Tr. 37. Plaintiff was 47 years old at the time of the 2015 hearing. *See* Tr. 37 & 252. Plaintiff has a high school education and past work experience as a work system analyst, a real estate agent, and a vice president. *See* Tr. 27. Plaintiff has not engaged in substantial gainful activity since her amended onset date of February 28, 2006. *See* Tr. 16.

The ALJ issued a decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act from her alleged amended onset date through the date of the decision on September 22, 2015. *See* Tr. 16 & 28. The ALJ determined that Plaintiff had the following severe impairments: status post right wrist fracture, obesity, depression with anxiety, post-traumatic stress disorder, bipolar disorder, hypothyroidism, ulnar neuropathy, hip bursitis, and degenerative disc disease. *See* Tr. 16. The ALJ also determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. *See* Tr. 16.

The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") for the following: (1) occasionally stoop and crouch; (2) no squatting, kneeling, crawling, or climbing; (3) no unprotected heights; (4) frequent but not

constant reaching and handling; (5) no reaching above the shoulder; (6) occasionally finger and feel; (7) routine, repetitive, and simple work; and (8) occasional interaction with co-workers, supervisors, and the public. *See* Tr. 19.

The ALJ determined that Plaintiff was unable to perform her past relevant work, but that based on Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *See* Tr. 27. Based on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform the requirements of representative occupations such as a call out operator (DOT 237.367-014, sedentary SVP 2) and a surveillance system monitor (DOT 379.367-010, sedentary SVP 2). *See* Tr. 28. The VE testified that there were 1,300 jobs in Texas, and 26,000 jobs nationally for the call out operator position, and that there were 17,000 jobs nationally and 1,000 jobs in Texas for the surveillance system monitor positon. *See* Tr. 58. The ALJ found that these numbers constitute "significant numbers in the national economy." *See* Tr. 28.

Plaintiff appealed the ALJ's decision to the Appeals Council, and the Appeals Council affirmed the decision. *See* Tr. 1. Plaintiff then filed this action in the federal district court. *See* Compl. [ECF No. 1]. Plaintiff argues substantial evidence does not support the ALJ's finding that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

3

**Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work

> experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be

5

more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

6

## Analysis

The ALJ, relying on the VE's testimony, found that Plaintiff could perform the requirements of representative occupations such as a call out operator and a surveillance system monitor. *See* Tr. 28. The DOT description of a surveillance system monitor is as follows:

> Industry Designation: Government Services
>
> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites. Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designated agency to notify authorities of location of disruptive activity. Adjusts monitor controls when required to improve reception, and notifies repair service of equipment malfunctions.

DOT 379.367-010, 1991 WL 673244. The DOT description of a call out operator is as follows:

> Industry Designation: Business Services; Retail Trade Industry
>
> Compiles credit information, such as status of credit accounts, personal references, and bank accounts to fulfill subscribers' requests, using telephone. Copies information onto form to update information for credit record on file, or for computer input. Telephones subscriber to relay requested information or submits data obtained for typewritten report to subscriber.

DOT 237.367-014, 1991 WL 672186.

In establishing work that exists in significant numbers in the national economy, the ALJ may rely on VE's testimony in response to hypothetical

7

questions or on the "the Grids," the Medical-Vocational Guidelines promulgated for this determination. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000); *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); 20 C.F.R. Pt. 404, Subpt. P, App. 2. Here, the ALJ relied solely upon the testimony of the VE to determine that there were a significant number of jobs in existence in the national economy that Plaintiff could perform. *See* Tr. at 27-28. Specifically, the ALJ relied on the VE's testimony in finding that 1,300 jobs in Texas and 16,000 jobs nationally for the call out operator position, and 1,000 jobs in Texas and 17,000 jobs nationally for the surveillance system monitor position are sufficient to constitute "jobs that exist in significant numbers in the national economy." *See* Tr. 27-28, 58.

Plaintiff argues that these findings do not constitute the significant number of jobs necessary to meet the Commissioner's step five burden. *See* Pl.'s Br. 20-21. "Under 42 U.S.C. § 423(d)(2)(A) and 20 C.F.R. § 404.1566, work exists in significant numbers in the national economy if it exists in significant numbers in either the region where the claimant lives or in other regions of the country." *Lirley v. Barnhart*, 124 F. App'x 283, 283-84 (5th Cir. 2005). The Fifth Circuit has not opined as to what constitutes a "significant number" of jobs, nor has the court set forth a test for this determination. *See id.* Other courts, however, have utilized a test from the Sixth Circuit where a number of criteria are considered, such as "the level of claimant's disability; the reliability of the [VE]'s testimony; the reliability of the claimant's testimony; the distance claimant is capable of

8

travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on." *See Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988).

As Plaintiff argues, the number of jobs found sufficient by the ALJ has recently been found by courts in this district as insufficient evidence of a significant number of jobs in the national economy. For example, in *Johnson v. Colvin*, 2016 WL 1212436, at *4 (N.D. Tex. Feb. 25, 2016), *rec. accepted*, 2016 WL 1228630, at *1 (N.D. Tex. Mar. 28, 2016) (Godbey, J.), the court rejected an ALJ's decision that significant jobs existed in the economy based on VE testimony that there were 1,000 surveillance system monitor positions available in Texas and 9,200 available nationwide. The court explained that "[w]hile there is no bright line rule that applies, the weight of the relevant authority suggests that those numbers do not constitute a significant number of positions either within the state of Texas or in the national economy." *Id.* (citing *Walker v. Shalala*, 1994 WL 171209, at *2 (S.D. Tex. Jan. 6, 1994)). Similarly, in *Morgan v. Colvin*, 2016 WL 5369495, at *10 (N.D. Tex. Sept. 6, 2016), *rec. accepted*, 2016 WL 5341305, at *1 (N.D. Tex. Sept. 23, 2016) (Lindsay, J.), the court rejected an ALJ's decision denying benefits to a claimant where the ALJ relied solely upon the testimony of the VE to determine that there were a significant number of jobs that Plaintiff could perform. The ALJ found that 1,000 jobs in Texas and 17,000 nationally for a surveillance system monitor and 780 jobs in Texas for a school

9

bus monitor were a significant number of jobs for Plaintiff's RFC. *Id.* But, the court remanded the ALJ's decision because the VE's testimony on the number of school bus monitor jobs was insufficient and the number of surveillance system monitor jobs had been found by others courts in the Fifth Circuit as insufficient evidence of a significant number of jobs in the national economy. *See also Walker*, 1994 WL 171209, at *2 ("The vocational expert estimated that the number of jobs for surveillance systems monitor are about 1,800 in Texas and 18,000 nationally. This is not a significant number when considered as a percentage of the work force."). Although the Commissioner argues that other courts have found job numbers such as those found by the ALJ in Plaintiff's case to constitute a significant number of jobs, Plaintiff correctly points out that the cases relied on by the Commissioner are older decisions that have been overruled by more recent cases on this issue. *See* Reply 5.

The Court thus finds that there is a lack of substantial evidence to support the Commissioner's step 5 finding that Plaintiff could perform other work that exists in significant numbers in the national economy. *See Morgan*, 2016 WL 5369495, at *10 (citing *Greenspan*, 38 F.3d at 236). Therefore, this case should be remanded for further administrative proceedings. *See Johnson*, 2016 WL 1212436, at *4. Because the Court finds that the Commissioner's decision should be reversed on this ground, the Court pretermits consideration of Plaintiff's remaining arguments as she can raise them upon remand. *See* 20 C.F.R. §

10

404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## Recommendation

The final decision of the Commissioner should be REVERSED, and this case should be REMANDED for further proceedings consistent with these Findings, Conclusions, and Recommendation.

SO RECOMMENDED.

August 24, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the

District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).